In re Sharon Lee JOHNSON, aka Sharon L. Bradley, aka Sherry Bradley, fbda Bradley Pacific, Ltd., Debtor.

Bankruptcy No. 92–03448–13.

United States Bankruptcy Court, D. Idaho.

March 5, 1993.

Jake W. Peterson, Boise, ID, for debtor.

Alan D. Cameron, Manweiler, Bevis & Cameron, Boise, ID, for creditor Carolyn Saito.

Barry Peters, Boise, ID, for trustee.

D. Blair Clark, Ringert Clark, Chartered, Boise, ID, for trustee for Bradley Pacific Ltd.

## SUMMARY ORDER

### ALFRED C. HAGAN, Chief Judge.

Carolyn Saito ("Saito"), a creditor of Sharon Johnson ("Johnson") and Bradley Pacific, Ltd. ("Pacific"), both debtors in this Court (collectively, "debtors"), moves for relief from the section 362 automatic stay, and for this Court to abstain from exercising jurisdiction over these cases. The trustees of both Johnson and Pacific oppose this motion.

The underlying controversy between the parties involves ownership of a sealed shipping container in Honolulu, Hawaii. This container purportedly holds, among other things, an original Monet painting. Saito, a judgment creditor of both of the debtors, seized the container by writ of execution. Michael N. David ("David"), also a judgment creditor of the debtors, filed a motion in intervention in the Hawaii state court. David contends the property in the container is his, though he allegedly obtained some of it from Johnson as collateral for a note she had executed to David. The state court in Hawaii issuing the writ of execution ordered the container placed into storage pending determination of David's claim to the property in the container. The trustees of the two debtors have indicated they believe the bankruptcy estate may be entitled to the property in the container. Trial on the complaint in intervention has been set for December, 1993.

Saito originally brought this action as a motion for relief from stay in the Johnson chapter 13 case. The trustee filed an objection. Before the motion was brought to final hearing, Saito filed a motion to abstain, seeking to have the ownership of the container decided in Hawaii state court. The trustees have contested this motion as well.

## ABSTENTION

■ Abstention is governed by section 1334 of Title 28, United States Code. The relevant portions of that statute provide that the district court may abstain from hearing "a particular proceeding" for cause,[1] and must abstain from hearing a "proceeding" where certain elements are present.[2]

The initial issue concerns the scope of the requested abstention. The legislative history of section 1334 discusses the meaning of the term "proceeding."

> [A]nything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 445 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6401. The only action that could be considered a "proceeding" in either of these cases is Saito's own motion for relief from stay. Consequently, there is no proceeding in this Court from which to abstain.

## RELIEF FROM STAY

It is first noted that Ms. Johnson initially failed to include any of the items in the

---

1. Section 1334(c)(1) provides:
   Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
   28 U.S.C. § 1334(c)(1).

2. Section 1334(c)(2) provides in part:
   Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
   28 U.S.C. § 1334(c)(2).

container in her schedules.[3]

Between the time of the filing of the Saito motion for stay relief and hearing on that motion, Ms. Johnson's chapter 13 plan was confirmed. After the final hearing on the motion for stay relief on February 17, 1993, Ms. Johnson filed an amendment to schedule B of her schedules listing some of the items of the container. In a legend accompanying the amendment, all of the items are listed as belonging, at least in part, to Michael David with the exception of a few items allegedly owned by Bradley Pacific, Ltd. In some of the items in which ownership is attributable to Michael David, Sharon Johnson claims some joint ownership interest and in other items "Others" are listed as holding a joint ownership interest with Michael David. Thus, despite the debtor's statement to the effect any of her ownership interests is transferred to the chapter 13 trustee, it would appear at least by operation of law as a result of the confirmation of the debtor's chapter 13 plan, any ownership interest she may have in the items of personal property have once again reverted to her under the provisions of 11 U.S.C. § 1327(b).[4]

■ A party can obtain relief from the automatic stay "for cause." [5] The Bankruptcy Code does not define what constitutes "cause." The legislative history to section 362 is suggestive, however, that a more convenient forum is cause under section 362(d)(1).

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy

court from many duties that may be handled elsewhere.

S.Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

The essential issue in the state court action regards whether David owns the property in the container. If David owns the property, Johnson has no interest in the property upon which Saito could execute. Conversely, if Johnson owned the property, David has no interest in the contents of the container.

Apparently most of the evidence as to ownership is located in Hawaii, along with the container itself. Saito is being required to pay $785.00 per month in storage fees for the container pending resolution of the ownership issue. A significant burden is being placed on Saito for as long as this action remains undecided.

Of further consideration is the lack of substantial harm to the bankruptcy estates. The issue of who, as between David and Johnson, has current ownership of the property in the container must be decided at some point. Such a determination will permit the trustees to determine upon which party (if any) they may wish to focus their avoidance powers. The trustees need not of necessity participate in the Hawaii litigation. Moreover, since any interest of the debtor in the property is now her property and since neither trustee has commenced any action to claim such a right, any claim that the trustees have in the property is more speculative than real at this point.

The trustees have suggested in their arguments that this entire matter should be litigated in Idaho. There is no justification for such drastic action at this point in the proceedings. Neither of the trustees have

---

3. Likewise, none of the contents of the container is contained in the schedules of Bradley Pacific, Ltd. In fact, Bradley Pacific, Ltd. lists no assets.

4. Section 1327(b) provides:
   Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
   11 U.S.C. § 1327(b).

5. Section 362 provides in part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ....
11 U.S.C. § 362(d)(1).

filed an action under any provision of the Bankruptcy Code. Resources may well be wasted in bringing witnesses here to Idaho to permit this Court to determine the issues. Finally, there would be a waste of judicial resources in requiring this Court to begin this action anew, when the state court action has already passed beyond the pleading stage. The actual harm to Saito and David that would result in not giving such relief outweighs any speculative harm that may result to the bankruptcy estates in having to act in Hawaii.

Accordingly, it is,

ORDERED:

1. The motion of Carolyn Saito for stay relief is granted. If a formal order is necessary, counsel for Ms. Saito may prepare such and submit it for signature.

2. The motion of Carolyn Saito for abstention is denied.