**In re Thomas A. NEAL and Jill D. Neal, aka Jill D. LaGasse, Husband and Wife, Debtors.**

**Bankruptcy No. 94–01368.**

United States Bankruptcy Court, D. Idaho.

Nov. 2, 1994.

Carolyn Justh, Brown & Justh, Coeur d'Alene, ID, for debtors.

Craig Marcus, Marcus, Merrick & Montgomery, Boise, ID, for Mary Hainline.

H. James Magnuson, Coeur d'Alene, ID, for trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Mary Hainline, a creditor and former spouse of the debtor, moves for relief from the section 362 automatic stay.

### I.

### BACKGROUND

Mary Hainline, formerly known as Mary Neal ("Hainline"), was married to debtor Thomas Neal ("Neal") for approximately six years. During their marriage, Neal attended medical school while Hainline provided the couple's primary support. Toward the end of their marriage, Neal became romantically involved and had an affair with his current wife, co-debtor Jill Neal, then known as Jill LaGasse.

Neal filed an action for divorce in the Magistrate Court for the Fourth Judicial District of the State of Idaho, in and for the County of Ada. Hainline filed a counter-claim for support, and various tort claims against Neal. The proceeding was subsequently bifurcated. The divorce proceeding including property division, alimony, child custody and child support (the "divorce proceeding"), remained in the magistrate court. Hainline's tort claims were removed to the Fourth Judicial District Court in and for the County of Ada (the "tort proceeding").[1]

Both the divorce proceeding and the tort proceeding are currently subject to the automatic stay.

Hainline has filed an adversary proceeding in the present bankruptcy seeking a determination that an equitable restitution award in the divorce proceeding and any award in the tort proceeding are nondischargeable.[2]

### A. The Divorce Proceeding

In the divorce proceeding, the magistrate court denied Hainline's request for alimony but awarded her $600.00 per month plus medical expenses for the support of the parties' minor child. In addition, the magistrate awarded Hainline $25,763.02 as compensation for Hainline's support of Neal during medical school. The magistrate court identified this award as one of "equitable restitution".

Neal appealed the award of equitable restitution to the Idaho District Court. The district court affirmed the award and Neal appealed to the Idaho Supreme Court.

The debtors, Thomas Neal and Jill Neal (the "debtors"), filed their petition for voluntary relief pursuant to Chapter 7 of Title 11 of the United States Code on June 2, 1994, before either party had submitted briefs to the Idaho Supreme Court. In their schedules, the debtors list Hainline's claim for equitable restitution as liquidated and uncontested.

### B. The Tort Proceeding

In the tort proceeding, Hainline alleged three causes of action against Thomas and Jill Neal:

(1) tortious interference with her marital contract, including a claim of criminal conversation (although the term was never used in the pleading); (2) intentional or negligent infliction of emotional distress, including the fear of contracting a sexually transmitted disease; and (3) battery in the form of non-consensual sexual intercourse.

1994 Opinion No. 51, Filed April 22, 1994 in *Neal v. Neal and LaGasse,* 125 Idaho 617, 873 P.2d 871, by the Idaho Supreme Court.

The debtors filed a motion to dismiss. The district court considered the evidence submitted by the parties and otherwise treated the motion as one for summary judgment.

The district court granted the motion to dismiss. Hainline filed a motion for reconsideration which the district court denied. Hainline appealed to the Idaho Court of Appeals which affirmed the district court. Hainline appealed to the Idaho Supreme Court which held the district court correctly

---

1. See *Neal v. Neal,* Case No. 12626–D, District Court of the Fourth Judicial District of The State of Idaho in and for the County of Ada.

2. See *Hainline v. Neal (In re Neal),* 94–6321 (Bankr.Id.1994).

dismissed Hainline's claims for criminal conversation and tortious interference with her marriage contract as well as her claims for intentional and or negligent infliction of emotional distress. However, the Idaho Supreme Court reversed and remained the district court's holding on the battery claim.

Hainline's battery claim is founded on the theory that:

> "although she consented to sexual intercourse with her husband during the time of his affair, had she known of his sexual involvement with another woman, she would not have consented, as sexual relations under those circumstances would have been offensive to her."

*Neal v. Neal,* 125 Idaho at p. 622, 873 P.2d at p. 876.

> The district court concluded that Thomas Neal's failure to disclose the fact of his sexual relationship with LaGasse did not vitiate Mary Neal's consent to engage in sexual relations with him, such consent being measured at the time of the relations.
>
>    \*    \*    \*    \*    \*    \*
>
> The district court also noted that Mary Neal's later sexual relations with her husband after becoming aware of his infidelity, extinguished any offensiveness or lack of consent.

*Neal v. Neal,* 125 Idaho at pp. 622–23, 873 P.2d at pp. 876–77.

The Idaho Supreme Court disagreed, holding:

> To accept that the consent, or lack thereof, must be measured by only those facts which are known to the parties at the time of the alleged battery would effectively destroy any exception for consent induced by fraud or deceit.

*Neal v. Neal,* 125 Idaho at p. 623, 873 P.2d at 877.

Since the Idaho Supreme Court remanded the battery claim there have been no further proceedings on the claim in state court due to the automatic stay.

In their schedules the debtors note the existence of the battery claim, but state that it is unliquidated and disputed. The debtors do not estimate the amount of this claim.

### C. The Adversary Proceeding

Hainline has filed an adversary proceeding in this bankruptcy proceeding to determine the dischargeability of both her battery claim and her claim for equitable restitution. In the adversary proceeding Hainline seeks:

> that the Court determine that the battery debt owed by the Defendant to Plaintiff is nondischargeable, that the alimony or equitable restitution debt owed by the Defendant to Plaintiff is nondischargeable, that the Court lift the stay so that Plaintiff, her counsel and the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, can proceed with proceedings to determine the amount of the battery debt owed by Defendant to Plaintiff and that the Court lift the stay so that Plaintiff, her counsel and the Idaho Supreme Court can continue with proceedings before the Idaho Supreme Court to determine the nature of the debt owed by Defendant to Plaintiff which is alluded to in Exhibit B, and the amount thereof, and so that the time for Plaintiff to file any additional adversary proceedings and complaints in this bankruptcy proceeding because of the Idaho Supreme Court's decision may be extended until after entry of decision by the Idaho Supreme Court.

Complaint to Determine Dischargeability of Debt, pp. 4–5, *Hainline v. Neal,* 94–6321 (Bankr.D.Idaho 1994).

Hainline does not seek a determination by the bankruptcy court of Neal's liability under state law, or the amount of his liability on either her battery or her equitable restitution claim. Nor does she allege a total dollar amount of the liability in either claim.

## II.

### *DISCUSSION*

Hainline seeks relief from the automatic stay for "cause." Section 362(d) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant

relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

There is rigid rule test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant.

*American Airlines, Inc. v. Continental Airlines (In re Continental Airlines)*, 152 B.R. 420, 424 (Bankr.D.Del.1993).

■ Hainline contends she should be granted relief from stay to pursue her battery and her equitable restitution claims on the grounds both claims are nondischargeable. Determination of the dischargeability of a debt is an adversary proceeding and may not be determined by a motion.[3] The dischargeability of the claims has yet to be determined. Accordingly, relief from stay can not be granted on the grounds of nondischargeability.

■ Although a more convenient forum is not one of the enumerated grounds for relief from stay in Section 362(d), the legislative history of the section suggests that such a forum is cause under section 362(d)(1):

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

*In re Johnson*, 153 B.R. 49, 51 (Bankr.D.Idaho 1993), quoting S.Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

■ Hainline contends she should be granted relief from stay to pursue the divorce proceeding. No useful purpose, however, would be served by a continuation of the state court proceeding. The appeal before the Idaho Supreme Court which Hainline wishes to pursue was brought by Neal for the purpose of disputing liability. The debtors have admitted to liability for the claim. Hainline has neither filed nor proposed filing a cross appeal. Therefore, the most favorable result Hainline could obtain on appeal is an affirmation of the magistrate's award, a matter the debtors have already conceded.

■ Hainline's stated purpose for pursuing the appeal is to "determine the nature of the award." It is unclear whether Hainline believes the Idaho Supreme Court should determine whether the award is in the nature of support or whether she believes the Idaho Supreme Court will merely more fully explain the award. Whether an award is in the nature of support for purposes of dischargeability under 11 U.S.C. § 523(a)(5) of alimony or support is a question of federal law. *Shaver v. Shaver*, 736 F.2d 1314, 1315–16 (9th Cir.1984). No purpose would therefore be served by allowing further proceedings in state court. Furthermore, such a proceeding would require the estate to expend money for legal fees without substantially advancing the interests of either the debtors or Hainline. Accordingly, Hainline's motion for relief from stay is denied as to the divorce proceeding.

■ Unlike the equitable restitution claim, however, in the tort proceeding both liability and the amount thereof are in dispute. Accordingly, liability will have to be determined in either state or federal court.

The parties have already expended considerable effort and resources in the state district court. The state court is already familiar with the facts in the matter. If the matter were brought in this bankruptcy proceeding, the parties would have to expend

---

3. Federal Rule of Bankruptcy Procedure 7001 provides in relevant part:
An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (1) to recover money or property ... (6) to deter-

mine the dischargeability of a debt, ... or (10) to determine a claim or cause of action removed under pursuant to 28 U.S.C. § 1452. Federal Rule of Bankruptcy Procedure 7001.

considerable time and effort duplicating their previous efforts in the state court proceeding. No hardship to the debtors would result from litigating the matter in the state rather than the federal courts.

Further, whether Neal is liable to Hainline on the battery claim is purely a matter of state law. No federal law is involved.

Accordingly, in the interests of judicial economy, Hainline is granted relief from stay to pursue final resolution of the battery claim in state court. The final decree or judgment rendered by the state court shall be determinative of the amount Hainline's claim for battery.

Hainline is not granted relief from stay to collect any judgment rendered in the tort proceeding. In the event of findings that either the battery claim or the equitable restitution claim is nondischargeable, Hainline may renew her motion for relief from stay.

A separate order will be entered.