In re John H. LIGHTNER, Debtor.

Ruth H. LIGHTNER, Plaintiff,

v.

John H. LIGHTNER, Defendant.

Bankruptcy No. 284–00012.
Adv. No. 286/0037.

United States Bankruptcy Court,
D. Montana.

Sept. 4, 1987.

Edward A. Murphy, Missoula, Mont., for debtor.

Nancy Moe, Missoula, Mont., for plaintiff.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

This adversary proceeding was commenced by the Plaintiff Ruth Lightner, seeking determination of dischargeability of a debt under Section 523(a)(5)(B) of the Bankruptcy Code. In particular, the Plaintiff seeks a determination that the Debtor's assumption of a joint obligation of the parties, incurred prior to the filing of the Chapter 7 petition, was in the nature of alimony, maintenance or support, and is thus non-dischargeable.

## FACTS

The facts are relatively straightforward. The parties were married in Pomona, California, on December 28, 1968, and divorced in Missoula County, Montana, January 6, 1983. The Decree of Dissolution only dissolved the marriage and all remaining issues, including those of separation agreement and property settlement, were left for a later time. On September 29, 1983, the parties executed a Marital and Property Settlement Agreement which resolved all remaining marital issues and this Agreement was incorporated into an October 4, 1983, Supplemental Decree of Dissolution. A summary of the terms of the Agreement was that the Debtor would assume sole responsibility for all debts incurred during the marriage and hold the Plaintiff harmless for these obligations, but for certain recent medical expenses of the Plaintiff not subject to this proceeding; that the Debtor would provide the Plaintiff with child support payments for the Plaintiff's minor child and Debtor's adopted minor child until the child reached the age of majority; and that Plaintiff was waiving any further right to present or future maintenance by execution of this Agreement. Along with the Debtor's assumption of the majority of obligations of the marriage, the Debtor also obtained the majority of assets of the marriage, including the business.

The Debtor thereafter filed a Chapter 7 petition on January 1, 1984, and the Order of Discharge was entered August 16, 1985. Subject to the Order of Discharge was an unsecured obligation for Farmers State Bank of Victor, Montana, in the amount of $8,500.00.[1] The obligation was incurred during the marriage and is subject to the Property Settlement of the parties. After entry of the Order of Discharge, the Bank has commenced collection efforts against the Plaintiff, which thereby caused the present proceeding.

The issue presented is whether the Agreement of the parties, regarding assumption of the debt is in the nature of "alimony, maintenance or support" under Section 523(a)(5). If so, the obligation is not dischargeable in bankruptcy. The relevant terms of the Agreement are as follows:

"II.

## CUSTODY AND VISITATION

Both parties recognize that subject to the approval of the Court at this time it is in the best interests of all concerned that Wife be awarded the care, custody and control of the minor adopted child of the parties subject, however, to rights of visitation in Husband as hereinafter set forth.

Both parties recognize that it is in the best interests of the minor child that she

---

1. The complaint herein, filed June 17, 1985, seeks determination of dischargeability in the amount of $8,165.59 unpaid principal with interest at the rate of 9.5% per annum.

have frequent visitation with her adopted father and that in this regard, Husband's rights of visitation are for the benefit of the minor child and that Husband has a corresponding duty of visitation on his part.

It is further recognized by the parties that Husband's visitation be determined on the basis of a mutual agreement of the parties if possible.

## III.

### DIVISION OF PROPERTY

Property shall be divided as follows:

1. Husband shall receive as his separate property the following, which Wife agrees to convey her interest to Husband by quitclaim deed:
 a. 1977 Mercedes Benz automobile
 b. The 1974 ¾ ton Ford
 c. John Reely contract
 d. The three Eagle Watch lots
 e. The Turah home
 f. The East Missoula property
 g. The Columbia Falls property
 h. The Duck Lake lot
 i. The 80 acres at Duck Lake
 j. Lightner Brokerage
2. Wife shall receive as her separate property the following:
a. The 1977 Datsun 280–Z automobile
b. The I.R.A. retirement fund totaling Four Thousand Four Hundred Seventy-seven and 59/100 Dollars ($4,477.59)

\* \* \* \* \* \*

## IV.

### DEBTS

1. Respondent shall be responsible for all of her medical bills incurred to date including the recent surgery and the expenses incurred by Dr. Will Stratford.
2. Petitioner agrees to take sole responsibility for all other debts incurred by the parties jointly during the marriage including the 1983 taxes. Petitioner agrees to hold Respondent harmless for all obligations other than the listed medical expenses incurred during and after the marriage.
3. Each party shall be solely responsible for any obligation incurred by themselves from and after the above date, and the parties mutually agree to indemnify and hold the other harmless from any obligation incurred by the other subsequent to that date.

## V.

### MAINTENANCE AND SUPPORT

1. Commencing on the 1st day of December, 1983, Husband agrees to pay to the Wife for the support and maintenance of the minor adopted child, an amount of One Hundred Fifty and No/100 Dollars ($150.00) per month, payable on the 1st day of each month thereafter until such minor child shall have gained majority under the laws of the State of Montana or becomes emancipated, married or dies, whichever occurs first.
2. It is understood that the Respondent is waiving her rights to any maintenance, present and future, as partial consideration for entering into this agreement."

Section 523, in relevant part, states:

"(a) A discharge under this act does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, ... or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support ..."

A written agreement between the parties is persuasive of intent. *Tilley v. Jessee,*

789 F.2d 1074, 1077 (4th Cir.1986); *In re Yeates*, 807 F.2d 874, 878 (10th Cir.1986). Thus, if the agreement between the parties clearly shows the parties intended the debt to reflect either support or a property settlement, then that agreement will normally control. *Yeates*, supra. However, if the agreement is ambiguous, then the Court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). When the agreement is ambiguous, evidence that payment of the debt is necessary in order for the Plaintiff to maintain daily necessities such as food, housing and transportation indicates that the parties intended the debt to be in the nature of support. *Yeates* at 879; *In re Calhoun*, 715 F.2d 1103, 1107, 1109 (6th Cir.1983).

In the case at bar, review of the Marital Agreement as a whole reveals that the Debtor's assumption of the marital obligations is in the nature of maintenance and support and not solely as a property settlement. The captions of the Agreement are inconclusive in arriving at this conclusion. Paragraph III is entitled "Division of Property" and sets forth the distribution scheme. The paragraph regarding the assumption of the debts is Paragraph IV and simply entitled "Debts". This is followed by Paragraph V entitled "Maintenance and Support" which provides for the child support payments and subparagraph 2 which states that the Plaintiff waives her right to maintenance by execution of this agreement.

When reading Paragraphs IV and V together, it is apparent that a condition for Plaintiff's waiver of maintenance is the understanding that the Debtor will honor and assume all the debts of the marriage. Thus, in effect, these two paragraphs form the maintenance agreement. The Plaintiff's right to maintenance is the Debtor's assumption of the debts. The Debtor has not honored the agreement, to the Plaintiff's detriment.

That is not the sole factor which renders Paragraph IV as a maintenance agreement. At the time of the Agreement, the Plaintiff was employed, but had incurred recent medical costs which placed her in financial peril. By the Debtor's assumption of the obligation, the financial vise around the Plaintiff loosened a bit, allowing for her recovery. The Debtor's assumption of these obligations was a form of support or maintenance and not a property settlement.

Having found that the Debtor's assumption of the joint obligations of the marriage, as described in Paragraph IV of the September 29, 1983, Marital and Property Settlement Agreement is in the nature of support and maintenance and said obligation being deemed non-dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code,

IT IS ORDERED judgment be entered in favor of the Plaintiff in the amount of $8,163.59 with interest, pursuant to the terms of the outstanding obligation, said amount deemed nondischargeable from the Order of Discharge entered August 16, 1985.