81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Warren Douglas LANTZ, Debtor,
Warren Douglas LANTZ, Appellant,
v.
Dorothy Jean LANTZ, Appellee.
 No. 94-36132.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren Douglas Lantz ("Mr. Lantz") appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's finding that Mr. Lantz's debt to his former wife, Dorothy Jean Lantz ("Mrs. Lantz"), was nondischargeable as alimony or maintenance. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Mr. Lantz contends that the bankruptcy court erred in finding that the debt he owed his former wife was nondischargeable because it was a property settlement and not alimony or maintenance. This contention lacks merit.
 
 
 4
 The court of appeals and the BAP review the bankruptcy court's conclusions of law de novo and its finding of fact under the clear erroneous standard. In re Johnston, 21 F.3d 323, 326 (9th Cir.1994). We must defer to the bankruptcy court's conclusion that the discharge should be denied unless its factual findings are clearly erroneous or it applied the incorrect legal standard. In re Cox, 904 F.2d 1399, 1401 (9th Cir.1990).
 
 
 5
 The Bankruptcy Code provides, in pertinent part, that an individual debtor may not discharge a debt owed to a spouse or former spouse for alimony, maintenance, or support of such spouse. See 11 U.S.C. § 523(a)(5). "In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation." Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984).
 
 
 6
 If an agreement fails to provide explicitly for spousal support, a court may presume that a "property settlement" is intended for support when the circumstances of the case indicate that the recipient spouse needs support. Id. "Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties." Id. If an obligation terminates upon the death or remarriage of the recipient spouse and if the payments are to be made in installments, the courts will classify the agreement as one for support. Id. at 1316-17.
 
 
 7
 Here, each of the factors indicates that the award to Mrs. Lantz was one for maintenance and support. The settlement agreement explicitly referred to the obligation as support and maintenance and made no other provision for Mrs. Lantz's support. Mr. Lantz's earning capacity as a sea captain far exceeded that of Mrs. Lantz. Additionally, the settlement agreement provided that the payments would be made in monthly installments and that Mr. Lantz's obligation would terminate upon the death of Mrs. Lantz.
 
 
 8
 Although some of the facts support Mr. Lantz's position, the bankruptcy court's decision is supported by the record. Because deference is owed to the bankruptcy judge's decision that discharge should be denied, see Cox, 904 F.2d at 1401, we cannot substitute our judgment for that of the bankruptcy court. Accordingly, the bankruptcy judge did not err in finding that Mr. Lantz's obligation to Mrs. Lantz was in the nature of alimony, maintenance, or support and, therefore, nondischargeable. See Shaver, 736 F.2d at 1317.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Mr. Lantz's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3