92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Thomas A. GIONIS, M.D., Debtor.
Thomas A. GIONIS, M.D., Appellant,
v.
Aissa WAYNE, Appellee.
 No. 94-56228, CC-93-1616-KMEJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 24, 1996.
Decided July 31, 1996.
 
 1
 Before: FARRIS and RYMER, Circuit Judges, and SINGLETON, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 After a brief marriage, Aissa Wayne ("Wayne") sued Thomas A. Gionis ("Gionis") for dissolution of marriage in a California superior court. She sought the custody of their one minor child. Gionis vigorously contested custody and, in the process, expended over $600,000 in professional fees and expenses. In response, Wayne spent approximately $185,000. The state trial court divided the community property in half and concluded that the brevity of the marriage justified denying Wayne support. Nevertheless, the state trial court concluded that the tremendous disparity in the parties' economic conditions, coupled with the costs of the litigation, warranted shifting Wayne's custody litigation costs and fees to Gionis. It therefore ordered Gionis to pay $185,000 to Wayne's attorneys. Thereafter, Gionis filed for Chapter 7 bankruptcy. Wayne contested discharge of the costs and fees that were awarded to her in the marriage dissolution. The bankruptcy court held a trial and found that the award for fees and costs was in the nature of support and therefore was a nondischargeable debt. See 11 U.S.C. § 523(a)(5). Gionis' motion for reconsideration was denied. Gionis appealed to the bankruptcy appellate panel which affirmed the bankruptcy court in a published decision. In re Gionis, 170 B.R. 675 (9th Cir. BAP1994). Gionis renews his appeal in this court.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 158(d).[1] As an appellate court, we are in as good a position as the bankruptcy appellate panel to review the bankruptcy court's decision. In re Comer, 723 F.2d 737, 739 (9th Cir.1984). Therefore, we review the bankruptcy court's findings of fact under the clearly erroneous standard and review the bankruptcy court's conclusions of law de novo. Id. We affirm.[2]
 
 
 5
 The bankruptcy court correctly interpreted the state trial court's decision and appropriately applied federal law to that decision. While the state trial court concluded that the brevity of the marriage and Wayne's resources counseled against an award of support, it nevertheless noted that the economic burden of the divorce litigation imposed an extraordinary burden on Wayne's resources. See Shaver v. Shaver, 736 F.2d 1314 (9th Cir.1984). Specifically, our review of the record leaves us with the firm conclusion that the state trial court made the $185,000 award in light of Wayne's needs, taking into account her assets and earning abilities relative to those of Gionis, and the cost of the custody litigation. Jones v. Tyson, 518 F.2d 678, 681 (9th Cir.1975).[3]
 
 
 6
 We have considered and have rejected Gionis' argument that the only possible explanation for the award was as a veiled property settlement.
 
 
 7
 We decline Aissa Wayne's request to sanction Gionis.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable James K. Singleton, Jr., United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334. The bankruptcy appellate panel had jurisdiction under 28 U.S.C. § 158
 
 
 [2]
 By the same token, this court has reviewed a bankruptcy court's determination that a debt at issue is nondischargeable for a "gross abuse of discretion," given that "the right to a discharge in bankruptcy is a matter generally left to the sound discretion of the bankruptcy judge...." Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir.1984). Under either standard, we affirm
 
 
 [3]
 The bankruptcy court found that, at the relevant time, Gionis had a gross controllable cash flow and salaries totalling $113,000 per month. Wayne was not indigent. She had an income from a trust and related entities that yielded $6,538 per month. Nevertheless, the extraordinary cost of this litigation and the great disparity in earnings between Wayne and Gionis certainly explains the fact that every court that has considered this issue has determined that Wayne would have great difficulty paying a debt of $185,000. It would have taken 28+ months to pay this $185,000 debt if all of Wayne's income was used each month. In contrast, Gionis could have paid off the debt in less than two months. Moreover, for a significant period of time, Wayne had three minor children living with her, one of whom was the product of her marriage to Gionis. Shaver, 736 F.2d at 1316-17