129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert S. AUSTIN, Debtor,
Alice M. AUSTIN-STARR, Appellant,
v.
Robert S. AUSTIN, Appellee.
 Nos. 96-55693, SC-94-02487.
 United States Court of Appeals, Ninth Circuit.
 Argued September 11, 1997
Submitted October 23, 1997
Decided Nov. 12, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel Calvin K. Ashland, Barry Russell, and Thomas E. Carlson, Judges, Presiding
 Before PREGERSON and HAWKINS Circuit Judges, and WEINER,[2] Senior District Judge.
 MEMORANDUM[1]
 Alice Austin-Starr ("Austin-Starr") appeals from the Bankruptcy Appellate Panel's decision affirming the Bankruptcy Court's order of summary judgment discharging certain debts of Appellee Robert S. Austin ("Austin"). We have jurisdiction pursuant to 28 U.S.C. § 158(d). For the reasons that follow, we vacate and remand.
 Austin-Starr and Austin were married in 1971. They separated in 1989 and subsequently divorced. They executed a marital settlement agreement effective May 1, 1991 in which Austin-Starr obtained possession of a Lexington, Virginia property used as a second home. Austin assumed payment of certain communal debts, including payment of the outstanding balance on four credit cards. Contingent upon Austin's payment of these debts, Austin-Starr waived spousal support for a period of three years. The parties also agreed to an abatement of child support for a specified amount of time upon the condition that Austin would pay the assumed debts.
 Austin filed a Chapter 7 petition under the United States Bankruptcy Code on April 15, 1993. On July 14, 1993, Austin-Starr filed a complaint to determine the dischargeability of the debts Austin had assumed as part of the marital settlement agreement. When Austin-Starr moved for summary judgment on her claims, Austin suggested in his papers that summary judgment in his favor would be appropriate.
 The bankruptcy court granted summary judgment in Austin-Starr's favor concerning the balance on the credit cards, determining that this balance was in the nature of support and therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The bankruptcy court determined that the debt on the Lexington property, however, was not in the nature of support since, at the time the marital settlement agreement was executed, Austin-Starr did not live there and the property produced no income. Thus, the court held that this debt was dischargeable. The court denied Austin-Starr's motion for summary judgement on this issue and sua sponte entered summary judgment in favor of Austin. In a divided opinion, the Bankruptcy Appellate Panel affirmed the judgment.
 In order to determine whether a debtor's obligation is in the nature of support, "the court must ascertain the intention of the parties at the time they entered in their stipulation agreement and not the current circumstances of the parties." In re Combs, 101 B.R. 609, 615 (B.A.P. 9th Cir.1989) (internal citations omitted). "The intent of the parties is a factual finding reviewed for clear error." Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400, 1405 (9th Cir.1996). In interpreting a Marital Settlement Agreement, the bankruptcy court must ascertain the parties' intent by looking to the substance of the obligation. Shaver v. Shaver (In re Shaver), 736 F.2d 1314, 1316 (9th Cir.1984). Parol evidence is admissible to clarify the parties' intent. Combs, 101 B.R. at 616. If the provision's intended function is to provide a necessity of life, it is ordinarily held to be nondischargeable maintenance support. See Shaver, 736 F.2d at 1316. With respect to the application of § 523(a)(5), we have also held:
 In determining whether a debtor's obligation is in the nature of support, the intent of the parties at the time the settlement agreement is executed is dispositive.
 Sternberg, 85 F.3d at 1405 (citations omitted).
 As noted above, the bankruptcy court denied Austin-Starr's motion for summary judgment and sua sponte entered summary judgment for Austin concerning the dischargeability of Austin's obligation to pay the note on the Lexington property. In determining whether summary judgment was proper, we must determine whether there are any genuine issues of material fact and whether the bankruptcy court correctly applied the relevant substantive law. See Botefur v. City of Eagle Point, 7 F.3d 152, 154 (9th Cir.1993). Sua sponte summary judgment is proper only when there are no issues of material fact and the losing party has been given an adequate opportunity to develop its case in opposition to summary judgment. Fuller v. City of Oakland, 47 F.3d 1522, 1533 (9th Cir.1995).
 By focusing primarily on the facts that, at the time the marital settlement agreement was executed, the Lexington property did not produce income and Austin-Starr did not live there, the bankruptcy court ignored an affidavit submitted by Austin-Starr, as well as an admission of record by Austin, that it was the intent of the parties that abatement of Austin's child support obligation was premised upon payment of the assumed obligations. Because Austin had submitted a counter affidavit denying it was ever his intention to assume the obligations in lieu of spousal support or for the purpose of balancing the two spouse's incomes, the issue of intent was clearly in dispute.
 Given this discrepancy in the parties' intentions, the bankruptcy court erred in granting, and the Bankruptcy Appellate Panel erred in affirming, summary judgment in Austin's favor. Construing the record in the light most favorable to Austin-Starr, the non-movant, there was a genuine issue of material fact with respect to the intent of the parties at the time the agreement was executed concerning the nature of the debt. Accordingly, the decision will be vacated and the case remanded to the bankruptcy court for a trial on the merits.
 VACATED AND REMANDED.
 
 
 
 [2]
 Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3