**In re Claude KIMBALL, Debtor.**

**Sherry Kimball, Plaintiff,**

**v.**

**Claude Kimball, Defendant.**

**Bankruptcy No. 99–41827.
Adversary No. 00–6058.**

United States Bankruptcy Court,
D. Idaho.

June 19, 2000.

M. Patrick Duffin, Beard, St. Clair, Gaff-
ney & McNamara, Idaho Falls, Idaho, for
plaintiff.

Steven L. Wetzel, John E. Cutler, Coo-
per, Wetzel, Avery & Lee, Idaho Falls,
Idaho, for defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

### Background

In this adversary proceeding, Plaintiff
Sherry Kimball ("Plaintiff") seeks a deter-
mination that certain attorneys fees and
other debts a state court ordered the De-
fendant Claude Kimball ("Defendant") to
assume and pay in their divorce proceed-
ings are not subject to discharge in Defen-
dant's bankruptcy case pursuant to Section
523(a)(5) of the Bankruptcy Code.[1]  This

---

1. Plaintiff's adversary complaint originally
sought relief under Sections 523(a)(5) and
(a)(15), and 727(a)(2), (4) and (7).  Plaintiff
has since conceded that all her claims under

Section 523(a)(15) and Section 727(a) were
untimely; therefore, only dischargeability un-
der Section 523(a)(5) is considered here.

action originally came on for a hearing before the Court on April 18, 2000 on Defendant's Motion to Dismiss, which the parties and Court agreed should be treated as a Motion for Summary Judgment. Since then, Plaintiff has also moved for summary judgment. After conclusion of post-hearing briefing by the parties, the Court took both motions under advisement.

**Applicable Law**

Summary judgment is only appropriate if, after viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact remaining and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; Fed.R.Bankr.P. 7056; *Anguiano v. Allstate Insurance Company*, 209 F.3d 1167, 1169 (9th Cir.2000); *Newman v. American Airlines, Inc.*, 176 F.3d 1128, 1130 (9th Cir.1999).

**Facts and Arguments of the Parties**

The following undisputed facts appear in the record.

On October 21, 1999, after a contested hearing, the Seventh District Court for Bonneville County, Idaho, entered a Decree of Divorce, based upon written Findings of Fact and Conclusions of Law, all in the matter of *Claude Kimball v. Sherry Kimball*, Case No. CV–98–964. Just two weeks later, on November 3, 1999, Defendant filed for relief under Chapter 7 of the Bankruptcy Code.

In the divorce decree, Plaintiff was awarded a money judgment against Defendant for $13,000 for partial payment of her attorneys fees incurred in defending the divorce action. Additionally, the state court ordered Defendant to pay certain debts of the parties, including doctor bills incurred for the minor children prior to and during the divorce, and several collection agency bills. In addition, Defendant was ordered to pay Plaintiff "spousal maintenance" in the amount of $900 per month for about five years or until she remarries, and $1,181 per month for support of the parties' two minor children.

Plaintiff argues that the attorneys fees, awarded to her by the state court pursuant to Idaho Code §§ 32–704 and 32–705, constitute additional support because the state court applied financial considerations in making its allocation of responsibility for payment of her legal fees. The state court's Findings and Fact and Conclusions of Law provide the following in relevant part:

30. After considering all of the evidence concerning the issues of alimony and attorney's fees, the court orders:

a. Plaintiff will pay to defendant, as and for spousal maintenance, the sum of $450.00 per month for the period of August 15, 1999 through August 31, 1999 and then $900.00 per month commencing on the 1st day of September, 1999, and continuing each month thereafter for a period of fifty-nine (59) months, and $450.00 for the sixtieth (60th) month, or under defendant remarries, whichever is first.

b. Judgment is hereby entered against plaintiff, in favor of defendant, for the sum of $13,000.00 as a partial payment of defendant's attorney's fees and costs. Defendant will pay his own attorney's fees and costs, if any, which remain unpaid, either to his attorney or a third party.

Findings of Fact and Conclusions of Law, p. 21, attached as Exhibit B to Affidavit of Sherry Kimball.

Additionally, Plaintiff asserts that certain doctor bills incurred for the care of the parties' children prior to and during the divorce were also obligations intended as support which should be nondischargeable. These debts, which Defendant was ordered to pay in the divorce decree, total $3,700.80. Exhibit 4 to Decree of Divorce, attached as Exhibit A to Plaintiff's Complaint.

Finally, Plaintiff incurred several debts owed to collection agencies on account of

bad checks she wrote for necessary living expenses prior to and during the divorce action. The state court also ordered Defendant to pay these debts, and Plaintiff argues the collection agency bills, allegedly amounting to $5,130.46, are actually in the nature of support and should also be excepted from Defendant's discharge.[2]

Defendant asserts that because the state court made separate and distinct awards to Plaintiff for maintenance and child support,[3] the other debts discussed above which Defendant was ordered to pay were intended by the state court to be part of the parties' property division, are not truly in the nature of support, and are thus dischargeable in bankruptcy.

Such frames the issues for resolution in this action.

## Discussion

Section 523(a)(5) provides that a debt to a spouse, former spouse, or child of the debtor for alimony, maintenance or support in connection with a divorce decree will be excepted from discharge in bankruptcy. 11 U.S.C. § 523(a)(5).

> Like all other exceptions to discharge, analysis under section 523(a)(5) begins with the principle that discharge is favored under the Bankruptcy Code and the party asserting nondischargeability has the burden of demonstrating that the obligation at issue is actually in the nature of alimony, maintenance or support.

*Norris v. Norris (In re Norris)*, 94 I.B.C.R. 233, 234 (Bankr.D.Idaho 1994) (citing *Gard v. Gibson (In re Gibson)*, 103 B.R. 218, 220 (9th Cir. BAP 1989)).

■■■ Whether an obligation is actually in the nature of support, and therefore nondischargeable in bankruptcy, is deter-

mined under federal law. *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). As a question of federal bankruptcy law, the Court is therefore compelled to look beyond the language of the divorce decree to the substance of the obligation to determine whether such an obligation is nondischargeable. *Id.* This Court is not bound by labels applied to debts in a divorce decree by a state court for purposes of determining whether a debt is excepted from discharge. *Id.* Additionally, the Court must also consider that Section 523(a)(5) implements the " 'overriding public policy favoring the enforcement of familial obligations.' " *Id.*

■■■ The parties have submitted a rather voluminous record to the Court, many items of which focus on the circumstances of the parties at the time of the divorce. Because this Court is primarily concerned with discerning the intent of the state court judge in characterizing the various obligations imposed upon Defendant in the divorce action, it is the state court's formal Findings, Conclusions, and Decree that are the primary focus of this Court's inquiry. It is not the function of this Court to reconsider the evidence presented to the state court, or to ponder additional facts not presented, in making a dischargeability determination under Section 523(a)(5). Applying this standard, the result in this action becomes evident.

### 1. Attorneys Fees

Idaho Code § 32–704 authorizes the state court to order one party to any domestic relations proceeding to pay the attorneys fees of the other party after considering the financial resources of both parties and the factors set forth in Idaho

---

**2.** Plaintiff additionally sought a determination of nondischargeability concerning an alleged debt owed to Azalea Kimball, Defendants' mother. Plaintiff has withdrawn this claim as Azalea Kimball has dismissed the state court action against both parties with prejudice. Exhibit M attached to Affidavit of Sherry Kimball.

**3.** Defendant concedes the amounts specifically designated by the state court as spousal maintenance and child support are excepted from his bankruptcy discharge.

Code § 32–705. Idaho Code § 32–705 in turn instructs that:

1. Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property to provide for his or her reasonable needs; and

(b) Is unable to support himself or herself through employment.

2. The maintenance order shall be in such amounts and for such periods of time that the court deems just, after considering all relevant factors which may include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

Idaho Code § 32–705.

■ "What constitutes support within the meaning of section 523(a)(5) implicates a number of factors that are potentially relevant on a case-by-case basis to this federal question." *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682 (9th Cir. BAP 1994). Additionally, where, as here, the award was rendered in a contested proceeding, the intent of the state court is highly relevant, and the bankruptcy court may look to state law in determining whether the state court intended to base the award on need. *Id.; Hainline v. Neal*

*(In re Neal)*, 179 B.R. 234, 240 (Bankr.D.Idaho 1995).

Under the facts in *Gionis,* the Panel held that attorneys fees awarded to the non-debtor spouse in a contested divorce decree could be excepted from discharge as support obligations. *Gionis,* 170 B.R. at 682. This was true even though the state court divorce decree specifically provided that no spousal support would be awarded to either party. *Id.* at 682. Additionally, Judge Hagan of this Court held that an award of attorneys fees based upon financial factors identified in Idaho Code § 32–705 was in the nature of support. *Norris,* 94 I.B.C.R. at 235.

■ As in *Norris,* the state court here specifically applied Idaho Code § 32–705, which focuses almost exclusively upon the relative financial status of the parties and "need" factors. Significantly, the award of spousal support to Plaintiff, and the directive that Defendant pay a portion, but not necessarily all, of her attorneys fees were discussed and disposed of together within the same finding in the state court's Findings of Fact. Findings of Fact and Conclusions of Law, p. 21, ¶ 30, attached as Exhibit B to Affidavit of Sherry Kimball. Since the statutory factors authorizing an award of attorney fees here are identical to those considered in deciding whether to award Plaintiff support, the findings leave this Court with the clear impression that Defendant was ordered to pay Plaintiff's fees as a matter of her financial need, and not just to allocate the parties' debts and property. It is quite clear that the award of attorneys fees was intended by the state court to be, and as authorized by the state statute, actually was in the nature of support. Plaintiff is entitled to summary judgment on this issue, and Plaintiff's money judgment for $13,000.00 against Defendant will be excepted from discharge pursuant to Section 523(a)(5).

## 2. Collection Agency and Medical Bills

■ From an examination of the state court record, it appears that it was actual-

ly the Defendant who requested that he be ordered to pay the majority of the parties' debt because he evidently did not trust Plaintiff to pay these bills. Ironically, it appears Defendant even harbored the fear that after the divorce, Plaintiff would declare bankruptcy leaving Defendant responsible for paying all the debts and without resources to pay them. See Claude Kimball's Post–Trial Memorandum and Proposal, p. 14, attached as Exhibit 4 to Affidavit of John E. Cutler ("It is also conceivable that Sherry could file bankruptcy and leave Claude responsible for all community obligations"); Claude Kimball's Proposed Settlement of Community Property, attached as Exhibit K to Affidavit of Sherry Kimball, (admitted as Claude Kimball's Exhibit 24 at trial); Partial Transcript, p. 28, attached as Exhibit A to Affidavit of Sherry Kimball. Defendant therefore requested that he be awarded 75% of the parties' assets, but that he also be obligated to satisfy all of the parties' outstanding community debt in order that Plaintiff emerge from the divorce debt-free. *Id.* Evidently at least in part at Defendant's invitation, Defendant was ordered to pay the medical bills and collection agency bills. Exhibit 4 of Decree of Divorce, attached as Exhibit A to Plaintiff's Complaint.

■ To support her position, Plaintiff submitted a listing of the checks which she wrote and were returned unpaid and which are now in collection (*see* Exhibit L attached to the Affidavit of Sherry Kimball). This information is not sufficiently detailed to enable the Court to make a determination as to which debts described in the decree these checks represent, nor even to prove that all the collection agency claims are for Plaintiffs' living expenses. More importantly, though, the Court is charged with discerning the purpose embodied in the state court's order requiring Defendant to pay these debts. *Hainline v. Neal (In re Neal),* 179 B.R. 234, 240 (Bankr.D.Idaho 1995).

■ The state court's design is less than clear regarding whether its allocation of responsibility for payment of these debts to Defendant was actually intended as a part of the scheme to provide support to Plaintiff or the parties' children, or was instead a component of the state court's efforts to effectuate an equitable division of the parties' property and debts. While it could be argued that payment of the bills was intended by the state court to relieve Plaintiff of the financial burden so that, in conjunction with the spousal maintenance award, she could financially tolerate the divorce, it could also be argued that Defendant was ordered to pay the bills simply because he also was given substantial amounts of the parties' assets. Moreover, the Court has been provided with all the documentary exhibits in which the state court expressed its position, and Plaintiff has not suggested that any other evidence or testimony exists which would shed additional light upon the state court's intentions in ordering Defendant to pay these debts. "Like all other exceptions to discharge, analysis under section 523(a)(5) begins with the principle that discharge is favored under the Bankruptcy Code...." *Gard v. Gibson (In re Gibson),* 103 B.R. 218, 220 (9th Cir. BAP 1989). Because the state court's decision is equivocal at best, and because Plaintiff will be unable to meet her burden of proving the allocation of these collection agency debts was actually in the nature of maintenance or support, Defendant is entitled to summary judgment on this issue.

Plaintiff also submitted a list of medical expenses incurred for herself and the minor children which Defendant was ordered to pay in the divorce decree. Complaint, p. 4; Exhibit 4 of Decree of Divorce, attached as Exhibit A to Complaint. In ordering Defendant to assume these debts the state court could have relied upon Plaintiff's lack of financial ability to pay the bills, and therefore could have viewed this obligation as part of Defendant's duty to financially support Plaintiff and the children. No such instruction can be found in

the findings, conclusions, or decree. Again, without some clear indication of its intent, this Court must construe the evidence in Defendant's favor and conclude that Plaintiff will not be able to meet her burden of proving this obligation was actually in the nature of maintenance or support. Therefore, Defendant is entitled to summary judgment as to this issue as well.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be granted in part and Defendant's Motion for Summary Judgment should be granted in part. After a review of the record, the Court concludes that, as a matter of law, Plaintiff's money judgment against Defendant for $13,000 in attorneys fees is actually in the nature of maintenance or support and is excepted from discharge pursuant to Section 523(a)(5). However, as a matter of law, Plaintiff cannot show that the debts Defendant was directed to pay for medical expenses and collection agency bills are actually in the nature of maintenance or support. Therefore, Defendant's Motion for Summary Judgment should be granted as to these issues.

Plaintiff's Motion to Strike Affidavit of Claude Kimball will be denied.[4]

A separate order and final judgment will be entered.

4. On May 31, 2000, Plaintiff moved to strike certain allegations contained within Defendant's affidavit, asserting they are hearsay, not based upon personal knowledge, not the best evidence, and are therefore inappropriate for the Court to consider upon a motion for summary judgment. Because in disposing of the motions the Court focused most heavily on the state court's orders, the Court did not find any of the information contained in the challenged affidavit to be material to its decision. The Court is well aware of the requirements of Rule 56 of the Federal Rules of Civil Procedure, made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure, and relied only upon such allegations and documents as would be admissible in evidence. Therefore, Plaintiff's motion to strike Defendant's affidavit should be denied.