**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: GABRIELLE ANN SODERGREN, <br><br> Debtor, <br> _____ <br><br> DANIEL RYCHLIK, <br><br> Appellant, <br><br> v. <br><br> GABRIELLE ANN SODERGREN, <br><br> Appellee. | No.　18-16944 <br><br> D.C. No. 2:18-cv-01948-HRH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted February 4, 2020
Phoenix, Arizona

Before: O'SCANNLAIN, GRABER, and MILLER, Circuit Judges.

Daniel Rychlik appeals from the district court's order affirming the

bankruptcy court's grant of summary judgment in favor of his former wife,

Gabrielle Sodergren. The bankruptcy court held that Sodergren's debt for

_____

*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

attorney's fees and costs awarded to Rychlik in an Arizona child-custody proceeding was subject to discharge because it was not a debt owed to a "former spouse[] or child of the debtor . . . in the nature of alimony, maintenance, or support." 11 U.S.C. § 101(14A)(A)–(B). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We review the grant of summary judgment de novo, considering the facts in the light most favorable to Rychlik. *Suncrest Healthcare Ctr. LLC v. Omega Healthcare Inv'rs, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d 685, 687 (9th Cir. 2005). We affirm.

Rychlik bears the ultimate burden of proving by a preponderance of evidence that Sodergren's debt is nondischargeable. *See Grogan v. Garner*, 498 U.S. 279, 287 (1991). Whether a particular debt is nondischargeable as a domestic support obligation "is a factual determination made by the bankruptcy court as a matter of federal bankruptcy law." *Chang v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998) (citing *Friedkin v. Sternberg (In re Sternberg)*, 85 F.3d 1400, 1405 (9th Cir. 1996), *overruled on other grounds by Murray v. Bammer (In re Bammer)*, 131 F.3d 788 (9th Cir. 1997) (en banc)). Factors indicating that a debt is for domestic support "include the presence of minor children and an imbalance in the relative income of the parties." *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984). Another "relevant factor . . . is how the particular state law characterizes the debt." *Chang*, 163 F.3d at 1140 (citing *Marks v. Catlow (In re Catlow)*, 663 F.2d

2

960, 962–63 (9th Cir. 1981)).

Arizona law permits a state court to award attorney's fees and costs in a child-custody proceeding "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Ariz. Rev. Stat. § 25-324(A). Although the parties dispute whether the state court awarded fees under section 25-324(A), viewing the record in the light most favorable to Rychlik, we will assume that the fee award was entered under that provision.

According to Rychlik, that fact is sufficient to satisfy his burden to show that the fees constituted domestic support. But we have never held that fee awards made under section 25-324(A) or similar statutes are automatically nondischargeable under federal bankruptcy law. To be sure, in *Catlow* we observed that "Arizona law considers attorney's fees [made under section 25-324(A)] to be spousal support if awarded in . . . post-divorce child custody proceedings." 663 F.2d at 963. But the state-law characterization of the debt is just one factor indicating that the debt is for "alimony, maintenance, or support" of the former spouse for purposes of federal bankruptcy law. 11 U.S.C. § 101(14A)(A)–(B); *see Chang*, 163 F.3d at 1140. And we decided *Catlow* before Arizona amended section 25-324(A) to permit a state court to award fees based on the reasonableness of the parties' positions, not simply their financial needs. 1996 Ariz. Legis. Serv.

3

Ch. 145 (West); *see Myrick v. Maloney*, 333 P.3d 818, 821 (Ariz. Ct. App. 2014). That amendment makes the statute meaningfully different from the version in effect at the time of *Catlow*. *See* 663 F.2d at 962–63.

The bankruptcy court concluded that because Rychlik presented no evidence that the award was based on "the financial resources and economic positions" of the parties, the award was not in the nature of alimony, maintenance, or support of him or their children. 11 U.S.C. § 101(14A); *see Shaver*, 736 F.2d at 1317 ("Support payments tend to mirror the recipient spouse's need for support."). We agree.

The state court's order contains no indication either way regarding the parties' financial resources, so Rychlik must rely on other evidence to show some genuine dispute of material fact on that issue. Rychlik could have asked the bankruptcy court to request that the state court "make specific findings concerning the portion[] of [his] award of fees and expenses that are based on consideration of financial resources," Ariz. Rev. Stat. § 25-324(A), but he did not do so. Instead, he cites the parties' state-court briefing, which merely shows that they disputed their relative financial resources. And it was Sodergren, not Rychlik, who first raised their relative financial resources as a reason to mitigate any penalty assessed against her. To be sure, the statute required the state court to *consider* "the financial resources of both parties." *Id*. But it did not require the state court to *base*

4

the fee award on those considerations, and Rychlik presents no evidence that the state court in fact based its fee award on his financial needs. Fed. R. Civ. P. 56(c)(1). Summary judgment was appropriate.

**AFFIRMED**.

<u>Sodergren v. Rychlik</u>, No. 18-16944

GRABER, Circuit Judge, dissenting:

I respectfully dissent. In my view, the bankruptcy court erred by granting summary judgment to Gabrielle Sodergren.

It is uncertain whether the state court awarded fees "based on consideration of financial resources" or based on "consideration of reasonableness of positions" or both. Ariz. Rev. Stat. § 25-324(A). The parties argued <u>both</u> grounds for fees. Because the state court did not explain its decision, it may have awarded fees for either reason or in part for both reasons. Because the parties presented both reasons in their papers, the record supports an inference that the court may have awarded fees because of the parties' financial resources or in part for both reasons. Accordingly, there is a genuine issue of material fact as to the question "why did the state court award fees?" Summary judgment is inappropriate in the face of a genuine issue of material fact. Fed R. Civ. P. 56(a).

Daniel Rychlik sought fees based on financial resources because Sodergren had the financial assistance of her "wealthy family," whereas Rychlik himself had suffered a "devastating financial impact" from a bankruptcy caused by the dissolution proceedings. Rychlik alternatively sought fees because Sodergren earlier had tried, unreasonably in Rychlik's view, to relocate the children to Illinois. Rychlik had opposed that move as, in his view, not in the best interests of

the children.  Looking no further than the arguments made by the parties, a reasonable factfinder could conclude that the state court more likely than not accepted Rychlik's "financial resources" argument but rejected his "reasonableness" argument.  The factfinder could conclude that the "financial resources" argument was persuasive but that the "reasonableness" argument was not.

Looking further into the record provides strong additional support for the foregoing reasonable inference.  Rychlik sought fees for the work done by his lawyer, by a "best interests" lawyer appointed by the court, and by a psychiatrist hired to determine questions related to the children's best interests.  The state court awarded fees and costs <u>only</u> for the work done by Rychlik's lawyer; the court <u>rejected</u> fees and costs for the "best interests" lawyer and the psychiatrist.  A factfinder reasonably could infer from the state court's <u>rejection</u> of the request for fees related specifically to the "best interest" proceedings, which formed the basis of Rychlik's "reasonableness" argument, that the state court rested its award of fees solely, or at least in part, on the "financial resources" prong.  Indeed, this is not a case in which a factfinder has no way to decide between equally plausible alternatives.

The majority's disposition notes that Sodergren initially raised the issue of

financial resources as a mitigating factor.  But Rychlik argued in his reply that fees were appropriate because of the parties' relative financial resources, and the state court plainly considered that argument.  The state-court judge granted fees by modifying, in handwritten ink, the draft order submitted by Rychlik to add that the award of fees was pursuant to the original application <u>and the response and the reply</u>.

The existence of a burden of proof on an issue does not preclude there being a genuine issue of material fact with respect to that issue.  If, as here, the record contains sufficient evidence to allow the factfinder to conclude that the party has carried his or her burden, then summary judgment is inappropriate.  Nor does it matter that the relevant inquiry is the subjective intent of an actor; the law frequently requires a factfinder to ascertain a person's mental state.  So long as evidence in the record supports a reasonable inference of the required mental state, then summary judgment is inappropriate.

Accordingly, I respectfully dissent from the decision to affirm.