**In the Matter of Kenneth James NOWAK, Debtor.**

**Kenneth James NOWAK, Plaintiff,**

**v.**

**Dian Marie NOWAK, Defendant.**

**Bankruptcy No. BK94–40744.
Adv. No. A94–4087.**

United States Bankruptcy Court,
D. Nebraska.

May 30, 1995.

Craig D. Wittstruck, Lincoln, NE, for Kenneth James Nowak, plaintiff.

William A. Francis, Grand Island, NE, for Dian Marie Nowak, defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case is before the court upon trial to determine dischargeability of a claim between former spouses. Debtor, Kenneth James Nowak, asserts that the claim is properly characterized as arising from a division of property. I conclude that the debtor is estopped from claiming that the debt is not alimony because debtor claimed past payments as alimony for tax purposes. Alternatively, I conclude that the debtor's payment of the claim was intended for the support of his former spouse, Dian M. Nowak, and, as such, constitutes a nondischargeable claim under § 523(a)(5).

## FINDINGS OF FACT

The debtor, Kenneth James Nowak, filed Chapter 7 bankruptcy on June 27, 1994. Shortly thereafter, Dian Nowak, the ex-wife of the debtor, filed a proof of claim for monies owed her as part of an alleged alimony award under a divorce decree. The debtor filed the present adversary proceeding on September 27, 1994, seeking a determination of dischargeability, pursuant to § 523(a)(5), of the amounts owed to Dian Marie Nowak under the divorce decree.

The monies at issue in this case consist of the balance due on a $60,000.00 award denominated as alimony under a divorce decree between the parties. The parties were divorced on January 12, 1993, after fifteen years of marriage. At the time of divorce, the parties had two minor children. A divorce decree was entered by the District Court of Hall County Nebraska, which provided that custody of the two minor children would reside with the husband, the debtor herein, Kenneth James Nowak. Dian Nowak was ordered to pay child support for the two children, and was allowed visitation. The divorce decree provided for a property division and an award of alimony. The divorce decree expressly provided that "property division and alimony must be considered together because of the circumstances of the parties." The trial judge found that, at the time of marriage, Dian Nowak possessed a residence and a savings account of $16,000.00. Kenneth Nowak did not possess significant assets at the time of marriage; however, the trial judge found that he contributed value to the real estate owned by the parties through his labor. The trial judge also found that Kenneth Nowak had converted various marital assets into cash for his own use between the date of the divorce filing and the divorce decree.

The divorce decree awarded various items of property to Dian Nowak, including certain household goods, an IRA account, an Astro van, and a life insurance policy. The divorce decree awarded the remaining property to Kenneth Nowak, including the parties' former residence, certain household goods, two savings accounts, an Oldsmobile Cutlass vehicle, an IRA, and a retirement fund. Both Kenneth and Dian Nowak testified, and I conclude, that the division of property gave each party approximately equal value in the marital property. After setting forth this division of property, the divorce decree awarded Dian Marie Nowak a $60,000.00 alimony judgment, to be paid in installments of $800.00 per month for a period of 75 months. The divorce decree provided that the alimony award would terminate only upon the death of Dian Nowak, and that this judgment was not entitled to interest, except on delinquent payments. This alimony award was subsequently modified, by a stipulation between the parties, to provide for payments of approximately $500.00 per month for the remaining term of the award. This modification was the result of a lump-sum payment of $15,000.00 from Kenneth Nowak to Dian Nowak following the sale of the parties' former residence, which had been awarded to Mr. Nowak.

At the time of the divorce, there was a significant discrepancy between the earning capacities of the parties. Dian Nowak has no

education beyond high school. Ms. Nowak worked part-time jobs on and off during the couple's marriage, earning approximately $225.00 per month. At the time of the divorce, Ms. Nowak was suffering from various health problems related to her back and left hand, which prevented her from being employed full-time. Kenneth Nowak was employed as an insurance salesman, earning approximately $42,000.00 a year at the time of the divorce. On his 1992 Income Tax Return, the debtor claimed a deduction of $9,000.00 for alimony paid to Ms. Nowak. Ms. Nowak reported this amount as income on her respective tax return. In 1993 the debtor claimed a deduction of $24,512.00 for alimony paid to Ms. Nowak. Ms. Nowak reported this amount as income on her 1993 tax return.

In support of his position that the remaining amounts due under the alimony award are dischargeable, the debtor asserts that the amounts awarded to his ex-wife as alimony under the divorce decree were actually part of a division of property between the parties. In response, Dian Nowak asserts that the amounts awarded as alimony were intended as such, and are nondischargeable debts pursuant to § 523(a)(5). Ms. Nowak also asserts that the debtor should be estopped from claiming that the remaining amount due under the alimony judgment is part of a property settlement because the debtor claimed past amounts as alimony for income tax purposes.

## DISCUSSION

Section 523(a)(5) provides in pertinent part that a debt will be excepted from discharge if it is:

to a spouse, former spouse, or child ... for alimony to, maintenance for, or support of such spouse ... in connection with a separation agreement, divorce decree ... but not to the extent that—

(A) such debt is assigned to another entity ... or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support....

11 U.S.C. § 523(a)(5) (1995).

I conclude that the remaining balance owed on the alimony judgment is a nondischargeable debt pursuant to § 523(a)(5). I reach this conclusion for two distinct reasons.

First, by claiming past payments as alimony for income tax purposes, the debtor, Kenneth Nowak, is estopped from asserting that the claim is not alimony for purposes of § 523(a)(5). The Fifth Circuit Court of Appeals has held that a debtor is estopped from claiming that payment obligations are not alimony obligations where the debtor has treated such payments as alimony for tax purposes. *Matter of Davidson,* 947 F.2d 1294, 1297 (5th Cir.1991). In *Matter of Davidson,* the parties were divorced, and, pursuant to the divorce decree, the husband made payments to his ex-wife and deducted such payments from his income for tax purposes. *Id.* at 1295–96. The ex-wife correspondingly reported these amounts as income. *Id.* The husband then stopped making payments under the divorce decree, and the ex-wife attempted to enforce the provisions of the divorce decree in state court. *Id.* The husband subsequently filed bankruptcy, asserting that the amounts due under the divorce decree were in the nature of a property settlement and therefore dischargeable. *Id.* Both the bankruptcy court and the district court determined that the payments in question were in the nature of a property settlement and held that equitable estoppel was inapplicable to prevent the husband from claiming the payments as a property settlement. *Id.* at 1296.

On appeal, the Fifth Circuit Court of Appeals reversed the holding of the district court as to estoppel, holding that the husband was prohibited from taking inconsistent positions with regard to the payments in question. *Id.* at 1297. In reaching this decision, the Fifth Circuit Court of Appeals relied on the doctrine of "quasi estoppel," which prohibits a party from accepting the benefits of a particular position while subsequently attempting to avoid the burdens or obligations of that same position. *Id.* (citations omitted). In addition, the Fifth Circuit

Court of Appeals held that the ex-wife had detrimentally relied upon the characterization of the payments as alimony by claiming such amounts as income for tax purposes, and paying income taxes on these amounts. *Id.* In reaching its decision, the Fifth Circuit Court of Appeals did not consider the parties' intent as to the purpose of the payments.

I will follow *Matter of Davidson* and apply it to the present case. I conclude that Kenneth Nowak is prohibited from asserting that the payments in question are not alimony for purposes of § 523(a)(5). Kenneth Nowak has received the benefits of claiming past paid amounts as deductions on his income tax returns. As such, he may not now avoid the burdens of that position. In addition, Dian Nowak has detrimentally relied on Mr. Nowak's former characterization of the payments as alimony by reporting these amounts as income for tax purposes. Kenneth Nowak is not allowed to change his characterization of these payments for his benefit and to the detriment of Dian Nowak.

Second, I conclude that the payments in question were intended as support for Dian Nowak. Whether a particular obligation is a support obligation or part of a property settlement for purposes of § 523(a)(5) is a question of fact governed by federal bankruptcy law. *In re Williams,* 703 F.2d 1055, 1056 (8th Cir.1983). The determination of support versus a property settlement turns on the function the obligation was intended to serve, and is not controlled by the labels of the state court or the parties involved. *Id.* (citations omitted); *In re Morel,* 983 F.2d 104, 105 (8th Cir.1992). Considering all the facts and circumstances in this case, I conclude as a finding of fact that the $60,000.00 award in the divorce decree which is at issue in this case was intended to provide support for Dian Nowak. I reach this conclusion for several reasons. First, the divorce decree awarded a property division in a separate part of the decree from the $60,000.00 award, and expressly referred to the award as alimony. Although these facts are not controlling, they may provide some evidence of the intent of the trial court and the parties. Second, given the length of the marriage and the discrepancy of income and earning potential between the parties, Ms. Nowak would be entitled to support under Nebraska law, and indeed such support would appear necessary. Finally, the installment payments involved were made expressly terminable only upon the death of Dian Nowak and this provision is characteristic of alimony or support obligations. Property settlement obligations generally do not terminate upon the death of the payee.

Therefore, I conclude that the $60,000.00 award was intended to serve the function of providing support for Dian Nowak. This obligation is excepted from discharge under § 523(a)(5).

A separate order will be entered in conformance herewith.