**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-15-1205-FCTa |
| ) | |
| BRUCE DWAIN COPELAND, ) | Bk. No.   05-11844-RN |
| DBA Copeland & Company, ) | |
| DBA Copeland Enterprises, ) | Adv. No.   07-01071-RN |
| DBA West American ) | |
| Construction, ) | |
| ) | |
|          Debtor. ) | |
| _____) | |
| ) | |
| BRUCE DWAIN COPELAND, ) | |
| ) | |
|          Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| LEROY HART; LORNA HART, ) | |
| ) | |
|          Appellees. ) | |
| _____) | |

Argued and Submitted on January 21, 2016
at Pasadena, California

Filed – February 3, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Richard M. Neiter, Bankruptcy Judge, Presiding

─────────────

Appearances:    Appellant Bruce Dwain Copeland argued pro se;
                Leslie J. Hedges argued on behalf of Appellees
                Leroy Hart and Lorna Hart.

─────────────

     [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

Before: FARIS, CORBIT[**], and TAYLOR, Bankruptcy Judges.

Memorandum by Judge Faris
Concurrence by Judge Corbit

**INTRODUCTION**

Appellant Bruce Dwain Copeland faces some serious problems.

First, two courts (a California state court and the bankruptcy court) have entered judgments against him in favor of the same parties (Appellees Leroy and Lorna Hart), arising out of a single transaction, and for the same amount of money. The only apparent difference between the two judgments is that the bankruptcy court ruled that the state court's judgment is not dischargeable under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).[1]

Second, the California state court's judgment is very old, having been entered in 1997. This raises a question of the continuing vitality of that judgment. The bankruptcy court's judgment is of somewhat more recent vintage; it "only" dates back to 2008.

Third, the Harts have taken action to collect one or both of the judgments in Oklahoma, where Mr. Copeland now lives.

Fourth, Mr. Copeland lacks counsel today. (Because both judgments were taken by default, he probably lacked counsel then

---

[**] Honorable Frederick P. Corbit, Chief United States Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

as well.[2])  This means that he is attempting to address important legal issues without professional legal assistance.  We have read his briefs and the record with due regard for the fact that he was and is unrepresented, but we cannot rule on issues that he did not adequately raise, and we surely cannot suggest how he might attempt to solve his problems.

Mr. Copeland appeals the bankruptcy court's denial of his request to vacate that court's 2008 judgment.  For the reasons that follow, we hold that the bankruptcy court did not err in denying that specific request.  That is the only question properly before us.  Accordingly, we AFFIRM.  We express no opinion about whether either judgment is enforceable against Mr. Copeland.

### FACTUAL BACKGROUND[3]

In 1995, the Harts sued Mr. Copeland, his construction company, and his business partner in California state court, essentially alleging that the defendants fraudulently and negligently failed to perform agreed-upon repairs and improvements to the Harts' home.  In 1997, the Harts obtained a default judgment against Mr. Copeland and his company in the

---

[2] At oral argument, Mr. Copeland said that he and his then counsel had a falling out before the judgments were taken, but the record is silent on that score.

[3] Mr. Copeland failed to include all relevant documents in his excerpts of record.  We have exercised our discretion to review the bankruptcy court's docket, as appropriate.  See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).  We are unable, however, to review certain key documents filed in Mr. Copeland's main bankruptcy case, because electronic images of those documents were apparently never converted to the CM/ECF system.

3

total amount of $446,552.30.

In 2005, Mr. Copeland filed for chapter 11 bankruptcy. His case was later converted to chapter 7. The Harts initiated an adversary proceeding against Mr. Copeland and requested that "the judgment entered on October 21, 1997 in the Superior Court of the State of California Case No. BC139655 in the amount of $446,652.30 plus the accrued legal interest of $324,036.06 through defendant's bankruptcy petition filing on January 31, 2005 . . . be declared a non-dischargeable debt under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6)[.]" In 2008, the bankruptcy court entered default judgment against Mr. Copeland for fraud, embezzlement, and willful and malicious injury, holding him liable for "$405,242 plus interest @ 10% on $383,242 from October 24, 1997 until paid."

Six years later, in 2014, Mr. Copeland filed a motion in the state court to vacate the original judgment on the basis that, under California Code of Civil Procedure § 683.020[4], the 1997

[4] Section 683.020 states:

Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:

    (a) The judgment may not be enforced.

    (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.

    (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

(continued...)

4

judgment expired ten years after entry and the Harts failed to renew it. The state court denied Mr. Copeland's motion. The court "state[d] no opinion as to whether Plaintiffs in fact failed to renew the judgment." It held that, even if the Harts did not renew the judgment, "CCP § 683.120 would only bar enforcement of the judgment. The statute does not permit the Court to void or vacate the judgment." It further noted that "[t]here are a number of reasons that the judgment could remain enforceable even if Plaintiffs did not renew it, including tolling or enforcement of bankruptcy proceedings." Finally, although the court denied Mr. Copeland's motion, it stated that he "may renew his arguments in response to any enforcement proceedings brought by [the Harts] before this Court."

Having lost in state court, Mr. Copeland moved to the bankruptcy court. In 2015, Mr. Copeland filed his motion to vacate the 2008 judgment ("Motion to Vacate"). Mr. Copeland argued that the 2008 bankruptcy court judgment was merely a "continuing" judgment of the original 1997 judgment and thus expired ten years after the entry of the original judgment. The Harts argued that the 2008 bankruptcy court judgment was still valid.[5] The court's task was not easy because Mr. Copeland's

---

[4](...continued)
Cal. Civ. Proc. Code § 683.020. However, section 683.120 permits the creditor to renew the judgment: "The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered." Cal. Civ. Proc. Code § 683.120(a).

[5] Likely taking advantage of the bankruptcy court's confusion over Mr. Copeland's requested relief, counsel for the
(continued...)

5

motion was deficient.[6]  The court held that Mr. Copeland did not appeal or otherwise move to overturn the 2008 judgment, so it was still valid, notwithstanding the actions of the state court.  It orally denied the Motion to Vacate with prejudice.

Mr. Copeland filed a timely motion for reconsideration ("Motion for Reconsideration").  Mr. Copeland largely repeated the same arguments he raised in the Motion to Vacate.  He also argued that "this Court removed that judgment in 2007, and allowed Bank of America to place a lien on my property, which I'm under the impression . . . [that] removing that judgment acknowledges that 683.120 applies.  This Court has already did [sic] it for Bank of America."  He represented that "the Court issued an order granting Bank of America to do post-petition financing and remove Mr. Hedges' [sic] lien of 2007, based on

[5](...continued)
Harts falsely represented to the bankruptcy court that the state court judgment did not exist.  He stated, "[f]irst of all, if there's such a judgment, it would be before this Court; it would have been presented.  So obviously no such judgment exists."  He later stated, "Your Honor, once again, whatever this judgment that he's referring to in the State Court, doesn't exist.  It's not been brought to Court.  It's not before this Court.  You can't take judicial notice of his statements about what might exist.  But nonetheless that's not important."  Counsel must have known that these statements were false because he represented the Harts before the state court when they filed their complaint against Mr. Copeland and when they later obtained the 1997 judgment.

[6] The court thought that Mr. Copeland was requesting that the bankruptcy court invalidate the state court judgment and said that it would not rule "on any Superior Court motion whether that's valid or invalid."  In any event, it found the motion procedurally deficient because Mr. Copeland only filed an incomplete notice without a motion, supporting declaration, or supporting memorandum.

6

that very issue." In support of this argument, he showed a copy of Bank of America's assignment and deed of trust.

At the initial hearing on the Motion for Reconsideration, the court decided that it wanted to review the submissions more closely. The court set a continued hearing and invited both parties to file a list of additional pleadings that they thought the court should review. Neither party accepted this invitation.

At the continued hearing, the court stated that Mr. Copeland had failed to provide it with any new arguments that would cause it to reconsider its ruling on the Motion to Vacate. Accordingly, the court denied Mr. Copeland's Motion for Reconsideration.

Mr. Copeland timely filed his appeal of the bankruptcy court's denial of the Motion to Vacate and the Motion for Reconsideration.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334, 157(b)(1), and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in refusing to vacate the 2008 default judgment in favor of the Harts.

**STANDARDS OF REVIEW**

We review for an abuse of discretion the bankruptcy court's decision on a motion to vacate its judgment. United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 208 (9th Cir. BAP 2006) (citing Hammer v. Drago (In re Hammer), 112 B.R. 341, 345 (9th Cir. BAP 1990), aff'd, 940 F.2d 524 (9th Cir. 1991)).

7

We apply a two-part test to determine objectively whether the bankruptcy court abused its discretion, first determining de novo whether the court identified the correct legal rule, and second examining the court's factual findings under the clearly erroneous standard. Beal Bank USA v. Windmill Durango Office, LLC (In re Windmill Durango Office, LLC), 481 B.R. 51, 64 (9th Cir. BAP 2012) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible, or without support in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

Similarly, we review the bankruptcy court's denial of a motion for reconsideration for abuse of discretion. Cruz v. Stein Strauss Tr. # 1361, PDQ Invs., LLC (In re Cruz), 516 B.R. 594, 601 (9th Cir. BAP 2014) (citing Tracht Gut, LLC v. Cty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 810 (9th Cir. BAP 2014)).

## DISCUSSION

**A.   The bankruptcy court did not err in declining to vacate the 2008 default judgment against Mr. Copeland.**

Mr. Copeland's primary argument is that (1) the state court held that the 1997 judgment is void or unenforceable, (2) the bankruptcy court's judgment is a "continuation" of the state court's judgment, and (3) therefore the bankruptcy court should have vacated its 2008 judgment. Mr. Copeland's premise is wrong and, even if the premise were correct, the conclusion would not follow.

8

In the first place, the state court did not hold that its 1997 judgment was invalid or unenforceable.  To the contrary, the state court expressly refused to make those rulings:

> **Even assuming *arguendo* that Plaintiffs did not timely renew the judgment, CCP § 683.120 would only bar enforcement of the judgment.**  The statute does not permit the Court to void or vacate the judgment.  Defendant has not cited authorities that would support the relief requested in the motion.  There are a number of reasons that the judgment could remain enforceable even if Plaintiffs did not renew it, including tolling or **enforcement of bankruptcy proceedings.**  The Court states **no opinion as to whether Plaintiffs in fact failed to renew the judgment.**  The Court also does not reach, as unnecessary, Plaintiffs' arguments in opposition that the bankruptcy court has jurisdiction over the matter.  However, **Defendant has not persuasively asserted any reason for the Court to void or vacate the judgment** at this time.

(Emphases added.)

Put simply, Mr. Copeland's characterization of the state court's order is the exact opposite of what that order actually says.

Mr. Copeland latches on to the order's concluding statement that "Defendant may renew his arguments in response to any enforcement proceedings brought by Plaintiffs before this Court." He argues that the state court "deemed the judgment 'unenforceable[,]'" as evidenced by its direction to "return to its Court if Appellees continue with their collection efforts." Once again, Mr. Copeland mischaracterizes the state court's decision.  While the state court did allow for a renewed motion, it did not deem the judgment unenforceable at the present time. Rather, it explicitly held that it was **not** ruling on whether the Harts had failed to renew the judgment.

We have a piece of information that the state court lacked.

9

At oral argument, the Harts' counsel acknowledged that the Harts have not renewed the state court's 1997 judgment. Thus, the limitations period of California Code of Civil Procedure § 683.020 has probably run.

That fact does not, however, change the result. Section 683.020 does not require a court to vacate a judgment after the ten-year period runs. Rather, the statute simply provides that the judgment "may not be enforced." Thus, assuming (without deciding) that the bankruptcy court's 2008 judgment was a "continuation" of the state court's 1997 judgment, such that the bankruptcy court's judgment had the same lifespan as the state court's judgment, the bankruptcy court did not err in refusing to vacate the 2008 judgment.

**B.    The bankruptcy court did not err in rejecting Mr. Copeland's argument that a deed of trust evidences a voided judgment.**

Mr. Copeland argues that the bankruptcy court erred and violated his constitutional rights by denying his requests for a ruling concerning the deed of trust and alleged post-petition financing.[7] We disagree.

**1.    The parties' failure to file additional documents did not mean that Mr. Copeland proved his case and was entitled to summary judgment.**

First, he argues that the bankruptcy court "issued a directive to both parties to provide pleadings in the record that relate to the post-petition financing. Neither party provided any information. Therefore the proposed Reason [sic] for the

---

[7] Curiously, Mr. Copeland argues that the court "refused to address the matter" regarding the deed of trust, even though the court clearly considered and rejected his arguments.

10

removal in 2006 stated in Appellant Copeland's motion for reconsideration should have been upheld by the court."

Mr. Copeland misapprehends the court's ruling. The bankruptcy court invited both parties, but did not require either party, to provide additional information. The bankruptcy court had no basis to draw any inferences against the Harts based on their decision not to provide any more information, especially since Mr. Copeland also failed to provide additional information.

As the moving party, Mr. Copeland had the burden of establishing that there are sufficient grounds for the court to reconsider its previous ruling and vacate its prior judgment. See United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (citations and quotation marks omitted)). There is no reason to think that the bankruptcy court intended to shift the burden from Mr. Copeland to the Harts.

The court correctly concluded that the mere existence of the deed of trust did not establish that the court previously vacated either the 1997 judgment or 2008 judgment. It correctly noted that the deed of trust presented by Mr. Copeland is not a court order vacating any judgment.

Mr. Copeland argues that the bankruptcy court denied him due process. We perceive no such violation.

11

Thus, we discern no error or violation of due process rights concerning the deed of trust.

### 2. The deficient record on appeal does not support Mr. Copeland's arguments.

As the appellant, Mr. Copeland has the responsibility on appeal to provide the Panel with a sufficient record in support of his arguments, such that we can understand what transpired before the lower court. He "bears the burden of presenting a complete record, and we need not look beyond the excerpts provided." Welther v. Donell (In re Oakmore Ranch Mgmt.), 337 B.R. 222, 226 (9th Cir. BAP 2006) (citing Kritt v. Kritt (In re Kritt), 190 B.R. 382, 387 (9th Cir. BAP 1995); Kyle v. Dye (In re Kyle), 317 B.R. 390, 394 (9th Cir. BAP 2004)). "The settled rule on appellate records in general is that failure to provide a sufficient record to support informed review of trial-court determinations may, but need not, lead either to dismissal of the appeal or to affirmance for inability to demonstrate error." Id. (quoting In re Kritt, 317 B.R. at 393).

Mr. Copeland has failed to provide us with any order of the bankruptcy court that invalidated the 1997 judgment. His failure to provide an adequate record would justify affirmance on this issue. We have exercised our discretion, however, to review the bankruptcy court's docket in the underlying bankruptcy case dating back to 2005.

According to the docket, Mr. Copeland filed a motion for approval of a stipulation for use of cash collateral in May 2005. Over the Harts' objections, the court granted the motion on June 28, 2005. An electronic image of the order is available on

12

the bankruptcy court's docket, but it merely states that it grants a motion and approves a stipulation, and neither of those documents is available on the electronic docket. As a result, we are unable to discern the substance and significance of the order.

Therefore, we have no basis to hold that the bankruptcy court invalidated the state court's 1997 judgment.

## CONCLUSION

For the reasons set forth above, we conclude that the bankruptcy court did not err in refusing to vacate the 2008 default judgment in favor of the Harts. We explicitly do not decide whether either of the judgments is enforceable, as that issue is not before us on appeal. Accordingly, we AFFIRM.

Concurrence begins on next page.

13

Corbit, Bankruptcy Judge, concurring:

I concur with the reasoning and result, but I am compelled to say more because the parties' court battles will likely continue. The issue presented to this Panel was whether the bankruptcy court was correct in refusing to vacate its 2008 default judgment obtained by the Harts, and on this issue the judges on this panel are unanimous – we affirm the bankruptcy court's decision. However, the parties' primary issue of concern appears to be whether there is a monetary judgment that is still enforceable. Importantly, the continuing enforceability of the Harts' judgment has yet to be decided by any court.

Although enforceability was not at issue on appeal, there are two admissions made by the Harts' attorney at oral argument that will be important to any other court that has to grapple with the enforceability issue. First, as pointed out in the foregoing opinion, Harts' counsel affirmed that the state judgment was not renewed within 10 years as required by California law. *See* Cal.Code Civ. Proc. §6.83.020. Second, the Harts' attorney acknowledged that the bankruptcy court judgment is not independent of the California court judgment.[1]

---

[1] The acknowledgment that the bankruptcy court judgment is not independent from the state court judgment is consistent with the relief the Harts requested in the bankruptcy court. In the bankruptcy court complaint, the only relief prayed for by the Harts was:

1.   That the judgment entered on October 21, 1997 in the Superior Court of the State of California Case No. BC139655 in the amount of $446,652.30 plus the accrued legal interest of $324,036.06 through defendant's bankruptcy petition filing on January 31, 2005 be declared a non-dischargeable debt under

(continued...)

1

[1](...continued)
11 U.S.C. § 523(a)(2)(A), 523(a)(4), and 523(a)(6); and

2. For such other and further relief as this Court deems just.